RAFAEL RODRÍGUEZ AMADOR, Plaintiff and Appellee, *v.* PEDRO GARCÍA ET AL., Defendants and Appellants.

No. 8770. Argued November 22, 1943.—Decided December 1, 1943.

*Hugh R. Francis* and *Federico J. Pérez Almiroty* for appellants. *Celestino Iriarte, F. Fernández Cuyar,* and *Héctor González Blanes* for appellee.

MR. ACTING CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The plaintiff and appellee moves for a dismissal of the present appeal upon the ground that the same is clearly frivolous and has been taken for the purpose of delaying the execution of the judgment. It is alleged by the appellee, that the findings of fact and conclusions of law considered and determined in the case at bar adversely to the appellant are exactly the same as those considered by this court and likewise adversely decided in the càse of *Ramos* v. *Garcia, ante,* p. 392.

Rafael Rodríguez, plaintiff and appellee, and Eva Ramos, plaintiff in *Ramos* v. *García, supra,* were run over, while

taking a ride on a two-seater motorcycle, by a jitney owned by defendant Pedro García. Each of them filed a complaint against García to recover damages. The two cases were tried jointly. The evidence introduced by the parties in support of their respective allegations and pleas was the same in both cases, which were decided by the same opinion and judgment in favor of both plaintiffs.

When dismissing, on the ground of frivolity, the appeal taken by the defendants from the judgment rendered in favor of Eva Ramos, we said:

"The lower court found that the driver of the bus had been negligent '(a) in trying to pass the motorcycle at the moment another vehicle was approaching on the other side of the road, forcing him to pass so close to the motorcycle that when he tried to straighten out the bus in order to continue on his way, the bus collided with the motorcycle, striking violently with its right rear end the left handle of the motorcycle; (b) in not reducing the speed of the bus while passing the motorcycle and (c) in not blowing his horn in order to give notice to the driver of the motorcycle that he was going to pass.'

"*      *      *      *      *      *      *

"The defendants made little effort to contradict the testimony establishing the above facts. At the most, the defendants attempted to show that Rodríguez had just started his motorcycle and had run into the bus. But the district court did not believe this testimony, and the testimony which the lower court did believe amply sustains the judgment. In a somewhat similar case, this Court held—we quote the headnote—'Where, as a result of the negligence of the driver of a bus in attempting to pass another car at a time when a truck was approaching in the opposite direction, the bus scrapes against the truck, and a passenger on the bus is injured, the collision, no matter how slight, gives rise to liability.' (*Cruz* v. *White Star Bus Line, Inc.*, 46 P.R.R. 420). See also *Claudio* v. *Delgado*, 44 P.R.R. 730."

The lower court held that plaintiff Rodríguez had not been negligent. From a careful study we fail to find in the record of the case any reason that might justify a disturbance of such conclusion. Nor could we disturb the conclu-

sion that the accident was the result of negligence on the part of the conductor of the jitney, inasmuch as the evidence for the plaintiff, which was believed by the trial judge, is in our opinion sufficient to support the same.

The attorney for the appellant has made a very able effort in trying to convince us that the lower court seriously and manifestly erred in weighing the evidence submitted in support of the plea of negligence and that submitted to establish the plea of contributory negligence. However, he has failed to convince us that such error was incurred, or that the compensation allowed to the plaintiff is excessive.

The frivolity of the appeal is so apparent that its dismissal is proper.